**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

JOHN D. SULLIVAN,
Plaintiff–Appellant

v.

THE UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM,
Defendant–Appellee.

**No. 25-2322**

**APPELLANT'S LETTER OF SUPPLEMENTAL AUTHORITY PURSUANT TO FED. R. APP. P. 28(j)**

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant John D. Sullivan, proceeding pro se, respectfully brings to the Court's attention three pertinent Fourth Circuit decisions concerning pretext and circumstantial evidence in employment-discrimination cases.

First, *Turner v. Town of Narrows, No. 25-1298* (4th Cir. Jan. 28, 2026) (unpublished), is an ADEA failure-to-promote case involving a sixty-year-old applicant for a director position who was not selected in favor of a substantially younger candidate. The Court addressed subjective interview criteria, whether the questions asked during the interview were relevant to the position and whether the questions varied between candidates, comparative qualifications, and evidence bearing on pretext.

Second, *Bah v. Sampson Bladen Oil Co., No. 25-1877* (4th Cir. May 29, 2026) (unpublished), addresses evidence relevant to pretext, including inconsistent explanations, mistakes of fact, and failure to follow employer policies, and applies principles discussed in Wannamaker-Amos v. Purem Novi, Inc. and Hollis v. Morgan State University.

Third, *Wilkins-Bailey v. Essity Professional Hygiene North America, LLC, No. 25-1992* (4th Cir. Aug. 31, 2026), amended Sept. 1, 2026 (published), addresses the distinction between the prima-facie and pretext stages, decisionmaker perception at the pretext stage, and comparator evidence.

These authorities bear directly on the pretext evidence presented in Appellant's Responsive Brief, including the 20-point scoring disparity, 17 points which came from three panelists; application of qualification criteria; departures from Appellee's hiring procedures; inconsistencies in the explanations for the selection decision; and deficiencies or inconsistencies in interview documentation. *See* Responsive Br. 3–6, 9–15, 17–24. When reviewed in total, the principles discussed in *Turner*, *Bah*, and *Wilkins-Bailey* bear directly on how such evidence, considered collectively, permits a reasonable inference that the stated reasons for the challenged employment decision in Appellant's case were pretextual.

Appellant respectfully submits this letter pursuant to Rule 28(j).

Respectfully submitted,

*John D. Sullivan*

John D. Sullivan
Plaintiff–Appellant, Pro Se